IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Shenzhen Peishi Advertising Media Co. Ltd., <br><br> Plaintiff, <br><br> v. <br><br> MIKESIER, <br><br> Defendant. | Case No. 1:26-cv-00734 <br><br> **COMPLAINT FOR PATENT INFRINGEMENT** <br><br><br> **Jury Trial Demanded** |

**COMPLAINT**

Plaintiff Shenzhen Peishi Advertising Media Co., Ltd. ("Plaintiff") hereby brings the present action for patent infringement against MIKESIER (the "Defendant") and in support of its claims states as follows:

**JURISDICTION AND VENUE**

1. This Court has original subject matter jurisdiction over Plaintiff's claims pursuant to the provisions of the Patent Act, 35 U.S.C. § 1 *et seq.*, 28 U.S.C. § 1338(a)-(b) (exclusive patent claim jurisdiction), and 28 U.S.C. § 1331 (original federal question jurisdiction). This Court has supplemental jurisdiction over Plaintiff's Illinois state common law unjust enrichment claim and Illinois state unfair competition claim pursuant to 28 U.S.C. § 1367(a) because those claims are so related to the federal claims that they form part of the same case or controversy.

2. This Court may exercise personal jurisdiction over the Defendant because the Defendant directly targets business activities towards consumers throughout the United States, including Illinois, through one or more e-commerce stores on the third-party online marketplace platform, Amazon.com (the "Platform") operating under the seller alias MIKESIER with a Seller ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Specifically, the Defendant has targeted sales to

the United States by operating the Online Store that targets United States consumers, offering to ship to the United States, accepting payment in U.S. dollars, offering to sell and selling products which infringe Plaintiff's patented invention, as described below, to residents of Illinois. Plaintiff through counsel ordered the infringing product from Defendant's Online Store hosted on the Platform; the infringing product was shipped to and was received in Chicago, Illinois; and payment for the product was made and accepted in U.S. Dollars.

3. Furthermore, the common law violations under Illinois law provide a basis for long-arm jurisdiction over Defendant as the Defendant is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

4. The Defendant is properly subject to jurisdiction in the United States because it is a foreign entity with sufficient contacts here, as it systematically offers counterfeit items through the Amazon platform. This systematic offering of counterfeit items for sale makes it reasonably foreseeable that it would be called to answer in a court within the United States, ensuring that the exercise of jurisdiction in this Court aligns with due process.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the Defendant is subject to this Court's personal jurisdiction and the Defendant, based on a pre-suit investigation, is not a resident of the United States. Further, Defendant is engaged in infringing activities and causing harm within the Northern District of Illinois by advertising, offering to sell, selling and/or shipping infringing products to consumers in this district. This Court is the proper jurisdiction and venue under Federal Rule of Civil Procedure 4(k).

## INTRODUCTION

6. This action, and other similar actions, have been filed by Plaintiff to combat online infringers who trade upon Plaintiff's patented invention by making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use of the unauthorized and unlicensed products, namely the ▮▮▮▮▮▮▮▮▮▮▮ ("the Accused Products"), that infringe Plaintiff's patent rights. Specifically, Plaintiff has filed this action to stop Defendant's infringement of its patented invention, as well as to protect unknowing consumers from purchasing the Accused Products.

7. Infringers, such as the Defendant, take advantage of the anonymity and mass reach afforded by the Internet and the cover provided by international borders, to violate a rightsholder's intellectual property rights with impunity. Defendant attempts to avoid liability by operating under one or more Seller Aliases to conceal its identity, locations, and the full scope of its infringing operation.

8. Plaintiff has been, and continues to be, irreparably damaged from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing his patented invention and through loss of market share and erosion of Plaintiff's patent rights because of Defendant's actions and therefore seeks injunctive and monetary relief.

## THE PARTIES

### Plaintiff

9. Plaintiff is a company organized under the laws of the Peoples Republic of China.

10. Plaintiff is the owner of all rights, title, and interest in ▮▮▮▮▮▮▮▮▮▮▮ entitled ▮▮▮▮▮▮▮▮▮▮▮ A true and correct copy of the '▮▮▮▮▮▮▮ hereto as **Exhibit 1**.

Case: 1:26-cv-00734 Document #: 1 Filed: 01/22/26 Page 4 of 13 PageID #:4



4

COMPLAINT FOR PATENT INFRINGEMENT                                   Case No. 1:26-cv-

16. Plaintiff's automatic smoker products are loved by customers due to the unique patented design as set forth in claims of the █████.

17. Claim 1 of the ███████



**Defendant**

18. Defendant is an individual or business entity of unknown makeup who owns and/or operates one or more e-commerce stores including at least the Online Store. On information and belief, Defendant resides and/or operates outside the United States in a foreign jurisdiction with lax intellectual property enforcement system or redistributes products a source in a foreign location.

19. Plaintiff's pre-suit investigation has revealed that Defendant has provided a false or inaccurate business name and address when it registered for its Online Store. Tactics like this are used to conceal its true identity, as well as the full scope of its infringement activities and the interworking of its operations with other infringers. As such, this makes it virtually impossible for

Plaintiff to discover Defendant's true identity and the interworking of its infringement network scheme.

20. Most third-party online marketplace platforms, including the Platform, do not subject new sellers to verification or require them to confirm their identities, which allows infringers to use fake or inaccurate names, business information, and addresses when creating their e-commerce stores on these online marketplace platforms.[1] These third-party online marketplace platforms also generally do not require a seller to identify any underlying business entity, thus infringers are able to create multiple profiles and e-commerce stores that appear unrelated even though they are commonly owned and operated.[2]

## DEFENDANT'S UNLAWFUL CONDUCT

21. The success of Plaintiff's ▮▮▮▮▮ has resulted in significant infringement of Plaintiff's ▮▮▮▮ Because of this, Plaintiff has implemented an anti-infringement program that involves investigating suspicious websites and online marketplace listings identified in proactive Internet sweeps. Plaintiff has identified numerous e-commerce stores on the Platform offering for sale ▮▮▮▮ that infringe ▮▮▮▮ including the Online Store. Images of Defendant's ▮▮▮▮ that was purchased and evaluated for infringement along with a link to Defendant's listing on the Platform are attached hereto as **Exhibit 2**.

22. Defendant has targeted sales to Illinois residents by setting up and operating the Online Stores that target United States consumers using at least the Seller Alias, offer shipping to

---

[1] U.S. Department of Homeland Security, Report on Combating Trafficking in Counterfeit and Pirated Goods, January 24, 2020, (available at: https://www.dhs.gov/sites/default/files/publications/20_0124_plcy_counterfeit-pirated-goods-report_01.pdf).
[2] *Id*. at 39.

the United States, including Illinois, accept payment in U.S. dollars and, sell and/or offer for sale Accused Products to residents of Illinois.

23. Online marketplace platforms like the Platform do not adequately subject new sellers to verification and confirmation of their identities, allowing counterfeiters to "routinely use false or inaccurate names and addresses when registering with these e-commerce platforms." Daniel C.K. Chow, *Alibaba, Amazon, and Counterfeiting in the Age of the Internet*, 40 NW. J. INT'L L. & BUS. 157, 186 (2020) attached as **Exhibit 3**; *see also* report on "Combating Trafficking in Counterfeit and Pirated Goods" prepared by the U.S. Department of Homeland Security's Office of Strategy, Policy, and Plans (Jan. 24, 2020), attached as **Exhibit 4**, and finding that on "at least some e-commerce platforms, little identifying information is necessary for a counterfeiter to begin selling" and that "[t]he ability to rapidly proliferate third-party online marketplaces greatly complicates enforcement efforts, especially for intellectual property rights holders." *See* **Exhibit 4** at p. 22 and 11, respectively. Infringers hedge against the risk of being caught and having their websites taken down from an e-commerce platform by establishing multiple virtual storefronts. *Id.* at p. 22. Since platforms generally do not require a seller on a third-party marketplace to identify the underlying business entity, counterfeiters can have many different profiles that can appear unrelated even though they are commonly owned and operated. *See* **Exhibit 4** at p. 39. Further, "[e]-commerce platforms create bureaucratic or technical hurdles in helping brand owners to locate or identify sources of counterfeits and counterfeiters." *See* **Exhibit 3** at 186-187. Specifically, brand owners are forced to "suffer through a long and convoluted notice and takedown procedure only [for the counterfeit seller] to reappear under a new false name and address in short order." *Id*. at p. 161.

24. The very same concerns regarding anonymity, multi-storefront infringers, and slow

and ineffective notice and takedown procedures impact Plaintiff's enforcement efforts when trying to assert its patent rights.

25. Further, e-commerce store operators like the Defendant communicate with other infringers through WeChat groups, QQ.com chat rooms and utilize websites, like sellerdefense.cn, that provide tactics for operating multiple online marketplace accounts and evading detection by intellectual property owners. Websites like sellerdefense.cn also tip off e-commerce store operators like Defendant of new intellectual property infringement lawsuits filed by intellectual property owners, such as Plaintiff, and recommend that e-commerce operators cease their infringing activity, liquidate their associated financial accounts, and change the payment processors that they currently use to accept payments in their online stores.

26. Infringers such as Defendant typically operate under multiple payment accounts so that they can continue operation despite Plaintiff's enforcement. Infringers like the Defendant often maintain offshore bank accounts and regularly move funds from their financial accounts to offshore accounts outside the jurisdiction of this Court to avoid payment of any monetary judgment awarded to plaintiffs.

27. Defendant, without any authorization or license from Plaintiff, has knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use, product(s) that infringe directly and/or indirectly the ▉▉▉▉▉▉ and continues to do so via the Online Stores.

28. Defendant's unauthorized use and/or manufacturing of the invention claimed in the ▉▉▉▉▉▉▉▉▉▉ with the distribution, offering for sale, and sale of the infringing ▉▉▉▉▉▉▉▉▉▉ into the United States, including Illinois, is likely to cause, and has

caused, loss of market share, price erosion, and erosion of Plaintiff's patent rights and is irreparably harming Plaintiff.

## COUNT I
## PATENT INFRINGEMENT (35 U.S.C. § 271)

29. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in Paragraphs 1-28 above.

30. As alleged above, Defendant is knowingly and willfully infringing on the Plaintiff's U.S. Patent by manufacturing, importing, distributing, offering for sale, and selling the Accused Products into the U.S., Illinois and this District, without any authorization or license from Plaintiff, Defendant sells its Accused Products to consumers in the United States.

31. The Accused Products being sold by Defendant incorporate each of the elements of at least one claim in the ███████████████████████████████████████

32. More particularly, upon information and belief, Defendant has infringed and continues to infringe at least Claim 1 of the ███████████ the Accused Products include every limitation of Claim 1.

33. Defendant does not have authority or license from Plaintiff to sell the Accused Product.

34. Sales of the Accused Products causes additional harm to Plaintiff because sales of the Accused Products are competitive with products imported, sold, and offered for sale in the United States by Plaintiff.

35. As a direct and proximate result of Defendant's infringement, Plaintiff has suffered irreparable harm and monetary and other damages in an amount to be determined. Defendant's infringement of the Plaintiff's Patent in connection with the offering to sell, selling, or importing of products that infringe the Plaintiff's Patent, including such acts into the State of Illinois, is

irreparably harming Plaintiff. Defendant's wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented design as well as the lost sales and loss of repeat sales stemming from the infringing acts.

36. Plaintiff is therefore entitled to preliminary and permanent injunctive relief restraining and enjoining Defendant from infringing the patent-in-suit.

37. The Defendant's act of infringement of the ▮▮▮▮▮▮ caused and will continue to cause Plaintiff damages for which Plaintiff is entitled to compensation pursuant to 35 U.S.C. § 284.

38. The Defendant's acts of infringement of the ▮▮▮▮t has caused and will continue to cause Plaintiff immediate and irreparable harm unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283. Plaintiff has no adequate remedy at law.

39. This case is exceptional and, therefore, Plaintiff is entitled to an award of attorneys' fees pursuant to 35 U.S.C. § 285.

40. Defendant committed the conduct alleged herein maliciously, oppressively, and/or fraudulently, with the wrongful intent of injuring Plaintiff, and with willful and conscious disregard of Plaintiff's rights. Plaintiff is, therefore, entitled to an award of punitive and exemplary damages.

## COUNT II
### UNJUST ENRICHMENT - ILLINOIS STATE COMMON LAW

41. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in Paragraphs 1- 28 above.

42. Plaintiff and the named inventor have spent substantial time, money, and resources in development of the invention claimed in ▮▮▮▮▮▮ .

43. ▮▮▮▮▮▮▮▮ greatly improves upon ▮▮▮▮▮▮▮▮

44. Plaintiff also spent substantial time, money, and resources in the development of Plaintiff's Products, including selling Plaintiff's Products directly to consumers and through authorized retailers.

45. Defendant has traded upon Plaintiff's research and development by selling products which infringed upon the ▮▮▮▮▮▮

46. Defendant, by selling the Accused Products, eroded Plaintiffs market share in the ▮▮▮▮▮▮▮▮

47. The Accused Products include the unique elements components disclosed in Plaintiff's Patent.

48. Defendant knew or should have known that the Accused Products they were selling infringed upon Plaintiff's Patent and by selling those products they were eroding Plaintiff's market share and trading upon its research and development.

49. Defendant, by offering for sale and selling the Accused Products, improved their own good will and market share by trading upon the goodwill, reputation, research and development of Plaintiff.

50. Defendant, by offering for sale and selling the Accused Products through online marketplaces without having any physical location and limited financial accounts in the United States, seeks to compete for customers in the U.S. market without subjecting itself to the laws of the United States or notions of fair competition.

51. On information and belief, Defendant has sold the Accused Products, further eroding Plaintiff's market share and trading upon its goodwill, reputation, research, and development.

52. Plaintiff has never received any relief for the erosion to its market share or any compensation from Defendant for its use of Plaintiff's goodwill, reputation, research, and development.

53. Defendant has been unjustly enriched because it has denied Plaintiff access to customers it would have otherwise had by participating in what should have been Plaintiff's exclusive market by selling products directly to consumers, products which infringed ▇▇▇ Patent and competing against Plaintiff in the ▇▇▇▇▇▇▇▇.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment as follows:

1. Adjudging that Defendant has infringed the ▇▇▇▇▇▇ in violation of 35 U.S.C. § 271;

2. Granting an injunction permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons or entities, from infringing, contributing to the infringement of, or inducing infringement of the ▇▇▇▇▇

3. Ordering Defendant to account and pay damages adequate to compensate Plaintiff for Defendant's infringement of the '▇▇▇▇▇, including for any infringing acts not presented at trial and pre-judgment and post-judgment interest and costs, pursuant to 35 U.S.C. § 284;

1. Ordering that the damages award be increased up to three times the actual amount assessed, pursuant to 35 U.S.C. § 284;

2. Awarding Plaintiff its reasonable costs and fees, including attorneys' fees pursuant to 35 U.S.C. § 285;

3. A finding that Defendant was unjustly enriched under Illinois common law.

4. Awarding Plaintiff for such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues that are so triable.

DATED: January 22, 2026

Respectfully submitted,

By: /s/ *William R. Brees*
William R. Brees (FL Bar No. 98886)
Adam Livingston (TX Bar No. 24106212)
William@bayramoglu-legal.com
Adam@bayramoglu-legal.com
**BAYRAMOGLU LAW OFFICES LLC**
233 S. Wacker Drive, 44th Floor, #57
Chicago, IL 60606
Tel: (702) 462–5973

*Counsel for Plaintiff*